**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03380-DOC-DTB                    Date:  January 21, 2026

Title: Ambartsoum Pogosian v. M. Bowen et al

---

PRESENT:  THE HONORABLE DAVID O. CARTER, JUDGE

|  |  |
|---|---|
| Priscilla Deason<br>for Karlen Dubon | Not Present |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR<br>PLAINTIFF: | ATTORNEYS PRESENT FOR<br>DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):    ORDER ENTERING**
**PRELIMINARY INJUNCTION**

On December 31, 2025 this Court issued an Order Granting Petitioner's Ex Parte Application for a Temporary Restraining Order (the "TRO") (Dkt. 6) and set a hearing on a preliminary injunction for January 12, 2026. Respondents filed a response as to why a preliminary injunction should not issue on January 6, 2026 (Dkt. 11), and Petitioner filed his Reply on January 7, 2026 (Dkt. 12). Oral argument on the preliminary injunction was held on January 12, 2026. The Parties submitted supplemental briefing as requested by the Court at oral argument on January 16, 2026 (Dkts. 16-17).

Respondents rest their case on their argument that Petitioner's petition is moot. (Dkt. 16) at 1-3. The Court disagrees. The vast majority of the cases cited by Respondents deal with detainees being denied an opportunity for a bond hearing. This case deals with Petitioner's re-detention in violation of applicable procedures, which is an entirely different scenario. Furthermore, the Court agrees with Petitioner that *Nielsen v. Preap*, 586 U.S. 392, 396 (2019) should govern the Court's analysis. Like the plaintiffs in *Nielsen*, Petitioner "face[s] the threat of re-arrest and mandatory detention." 586 U.S. at 403. Like those plaintiff, Petitioner's case is not moot. Furthermore, the Court finds the decisions cited by Petitioner to be on point. *Pham v. Kristi Noem et al.*, 25-cv-03373, Docket 17 (C.D. Cal. 2026); *Cruz v. Lyons*, 5:25-CV-02879, 2025 WL 3443146 (C.D.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03380-DOC-DTB                                           Date: January 21, 2026

Page 2

Cal. 2025); *Esmail v. Noem*, 2:25-CV-08325, 2025 WL 3030589 (C.D. Cal. 2025). The Court finds the *Esmail* decision especially instructive:

> This [mootness] argument strains credulity. Were this so, no court would issue a preliminary injunction following the grant of a TRO ordering a habeas petitioner's release, which is plainly not the case. Given the TRO's expiration on September 26, 2025, the necessity of further injunctive relief maintaining the status quo during the pendency of litigation means the claim is necessarily not moot.

*Esmail*, at *3 n.5.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In issuing the TRO, the Court found that Petitioner made a sufficient showing under each of the *Winter* factors. *See generally* TRO; *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The Court sees no reason to depart from its previous analysis and incorporates that analysis herein.

Accordingly, this Court **GRANTS A PRELIMINARY INJUNCTION** with the same restraint as in the TRO: "[A]ny future enforcement actions after [Petitioner's] release must comply with the required procedures." TRO at 7. The Court outlined the most pertinent of these procedures in its TRO. *See id.* at 3-8. For purposes of clarification, as this Court previously noted, "the absence of any travel documents suggests that Petitioner [is] not going to be imminently removed." TRO at 5 (citing *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025)). And of course, Petitioner must be given an opportunity to be heard according to procedures if such a travel document is provided.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                           Initials of Deputy Clerk:
                                                                              pd/kdu
CIVIL-GEN